United States District Court
Southern District of Texas
**ENTERED**
December 27, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff/Respondent, <br><br> v. <br><br> JOSE FERNANDO CARDENAS-LIRA, <br> Defendant/Movant. | § <br> § <br> § <br> § <br> § <br> § <br> § | CRIMINAL NO. 2:15-128 <br> (CIVIL NO. 2:18-63) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant/Movant Jose Fernando Cardenas-Lira's "Affidavit/Writ (motion) Notice with Demand" (D.E. 91), which appears to be a motion to reconsider the Court's September 6, 2018 Memorandum Opinion & Order and Final Judgment denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 as untimely (D.E. 89, 90).[1]

## I. BACKGROUND

On May 18, 2015, Movant pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He was sentenced to 84 months' imprisonment, to be followed by 10 years' supervised release. Judgment was entered August 21, 2015. Movant appealed, but later filed a motion to dismiss his appeal, which the Fifth Circuit granted on December 15, 2015.

On July 11, 2016, Movant filed a motion for extension of time to file a § 2255 motion. The Court denied the motion and informed Movant that if he wished to file a § 2255

---

1. Movant's motion also references two prisoner civil rights cases he currently has pending in this Court against Assistant United States Attorney Hugo Martinez; Homeland Security Investigations Special Agent Clay Odom; retained counsel Charles A. Banker, III; Federal Public Defender Lila Michel Garza; and Senior U.S. District Judge Hayden Head, Cause Nos. 2:18-cv-144; 2:18-cv-184.

motion, he should do so before December 15, 2016. Movant next filed a letter motion requesting discovery on September 26, 2016, which the Court denied. Movant filed another letter on January 23, 2017, which the Court construed as a motion for extension of time to file a § 2255 motion. The Court denied the motion, again informing Movant that he must file his § 2255 motion within the one-year statute of limitations. Movant filed another motion on February 13, 2017, which the Court denied because the relief sought was unclear. Movant filed two affidavits on May 30 and 31, 2017, seeking various forms of relief and complaining of defense counsel. On July 28, 2017, the Court entered an order denying relief, instructing the Clerk to send Movant the standard § 2255 forms, and reminding Movant of the statute of limitations for a third time. On August 11, 2017, Movant filed another pleading complaining about defense counsel, the prosecutor, and the fairness of the proceedings. The Court again denied relief and instructed Movant to use the § 2255 forms that he had been sent. On November 7, 2017, Movant filed another pleading, which complained of the overall proceedings, ineffective assistance of counsel, and the Court's prior order. The Court dismissed the pleading and warned Movant that he could face sanctions if he continued to file frivolous pleadings.

Movant finally filed a motion to vacate under 28 U.S.C. § 2255 and accompanying memorandum on February 22, 2018, which the Court ultimately denied as time barred. Movant now moves the Court to reconsider its decision.

## II. MOVANT'S ALLEGATIONS

Movant complains that his motion under 28 U.S.C. § 2255 should not have been dismissed as time barred because the "Clerk/court/Judge" actively "boycotted and obstructed" his efforts to file his motion in a timely manner. D.E. 91, p. 10.

## III. ANALYSIS

### A. Rule 60(b)

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2016). Because the Rules governing § 2255 proceedings limit prisoners to a single § 2255 proceeding, a defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive habeas motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). It is only when a Rule 60 motion attacks "some defect in the integrity of the federal habeas proceedings" that it does not raise a second or successive claim. *Id.* A Rule 60(b) motion that seeks to advance one or more substantive claims after denial of a habeas petition is properly classified as a second or successive petition requiring authorization from the Court of Appeals before filing. *Id.* at 531; *see also United States v. Hill*, 202 Fed. App'x 712, 713 (5th Cir. Oct. 13, 2006); *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999).

Movant's motion to reconsider appears to attack the integrity of the habeas proceeding by alleging that the "Clerk/court/Judge" stood in his way of timely filing his motion under § 2255. Accordingly, it is not successive.

### B. Analysis of Merits

Movant previously attempted to justify his delay in filing a motion under § 2255 because: (1) he does not speak English very well; (2) he is not familiar with the "laws, codes, and rules," and he is ignorant of the legal system; (3) the Court and attorneys in this case have taken advantage of his ignorance; (4) the transcripts he received were "altered/modified/mutilated" and difficult to understand; (5) the Court impeded his efforts by refusing to grant him discovery or provide him with complete transcripts; (6) the prison system is designed to prevent inmates from conducting legal research or educating themselves in the law; (7) he lives in fear of his life because he is a sex offender, which prevented him from executing the required legal documents; and (8) he is indigent and cannot afford an attorney. The Court determined that Movant was not entitled to equitable tolling because he "presented no facts to suggest that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion." D.E. 89, pp. 5–6.

Movant now complains that the "Clerk/court/Judge" committed mail fraud during these proceedings in refusing to accept a motion for extension of time he mailed on December 9, 2016. Instead, the envelope was returned to Movant unopened. The envelope in question shows that it was returned to Movant because the address was insufficient, and the U.S. Postal Service was unable to forward it to the Court. D.E. 91, p. 6. There is no evidence indicating Movant's letter was ever received by the Clerk, Court, or undersigned Judge.

As further evidence of efforts by the "Clerk/court/Judge" to prevent him from timely filing his § 2255 motion, Movant complains that the Clerk ignored the Court's February 6,

2017 directive to send Movant the form used to file a § 2255 motion. *See* D.E. 61. Only after Movant filed two 84-page "Writ/Affidavits" seeking various forms of relief and complaining that he never received a § 2255 form did the Clerk send Movant a § 2255 form and instructions on July 18, 2017. *See* D.E. 66. As set forth above, Movant's deadline for filing a § 2255 motion was December 15, 2016. The Clerk's failure to send Movant a § 2255 form roughly two months later in no way prevented him from meeting this deadline. In fact, even after Movant received the § 2255 form in July 2017, he still did not file a motion using said form until more than eight months later in March 2018.

Contrary to Movant's current motion, there is no evidence the Clerk, Court, undersigned Judge, or anyone other than Movant was responsible for his failure to timely file a motion under § 2255. Because Movant has failed to show that he has diligently pursued his rights and that some extraordinary circumstance stood in his way, he is not entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). His motion to reconsider the Court's denial of his motion under § 2255 as time barred is without merit.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Movant's motion to reconsider (D.E. 91) is **DENIED**.

So **ORDERED** ____12/27/18____.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE